IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHILOH C. ADAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DLB-21-704 |
| KRISTI CRITES, CRNP, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Self-represented plaintiff Shiloh C. Adams alleges he received inadequate medical treatment while incarcerated at Federal Correctional Institution – Cumberland ("FCI Cumberland"). ECF 1, 7. He filed this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against FCI Cumberland employees Kristi Crites, CRNP; H. Allen Beard, Warden; J.R. Bell, Warden (retired); Mohamed Mobarek, clinical director; R. Rakowski, Jr., Captain; Mr. Samples, AWO; Officer C. Brenzie; and Officer T. Merrill. He claims they violated his Eighth Amendment rights.

On December 16, 2021, the defendants filed a motion to dismiss, or in the alternative, for summary judgment. ECF 19. On January 12, 2022, the Court notified Adams that he had the right to respond to defendants' motion and that if he did not file a timely and adequate written response, the Court could dismiss the case or enter judgment against him without providing him another opportunity to respond. ECF 20. To date, Adams has not responded to the defendants' motion.

Having reviewed the submitted materials, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). Defendants' motion, treated as a motion for summary judgment, is granted because Adams failed to exhaust administrative remedies.

**I.      Background**

Adams alleges that he had six seizures between February 2 and July 12, 2020, and another on February 28, 2021. ECF 7, at 3–4. He asserts that, when he notified defendants, they delayed in checking on him and refused to call for medical care. *Id.* He states that he made four written requests for medical care in March and four more in July, but the only response he received was that he would be placed on a list to see a medical professional. *Id.* at 4. He also alleges that "on numerous occasions he has requested medical attention for a number of physical and mental health conditions." *Id.* at 5. Adams states he "filed numerous [requests for administrative] remedy and received no response" and that he "also wrote many cop out request[s] [for] medical treatment" without receiving a response. *Id.* at 2.[1] He claims that defendants "violated his constitutional rights by failing to provide adequate medical care, removing him from his medication, [and] leaving him in his cell laid out on the floor after experiencing a seizure without any medical assistance." *Id.* at 3. Adams also alleges that defendants failed to treat him for Guillain-Barre syndrome, with which he had been diagnosed. *Id.* at 4.

On December 4, 2020, Adams submitted an informal staff request to Associate Warden Sample asking for compassionate release "due to [his] physical health problem and [his] mental health issues[,]" and to care for his ailing father. ECF 19, at 14. On December 14, 2020, C.L. Weber, the acting warden at the time, denied this request and provided information to Adams on how to appeal using the administrative remedy process. *Id.* at 15. On December 22, 2020, Adams filed a request for administrative remedy and renewed his request for compassionate release due

---

[1] A "cop out" is a term for an inmate request to staff and/or an informal complaint in federal prison. *See Grievance Procedures in Federal Prisons: Practices and Proposals*, 123 U. Pa. L. Rev. 1, 12 (1974) ("The 'cop out,' an informal written statement which may be addressed to any staff member, is the traditional prison method of registering a complaint or making a request.").

2

to his health problems and the COVID-19 pandemic. *Id.* at 16. On January 19, 2021, Warden H. Allen Beard, Jr. denied this request and provided information to Adams on the steps to appeal the decision to the Regional Director of the BOP. *Id.* at 17. There is no evidence that Adams took any additional action on this grievance. This request is the only administrative remedy request Adams filed while incarcerated. ECF 19-2, at 3 (Shaw decl.).

Defendants raise Adams's failure to exhaust his available administrative remedies as an affirmative defense to the allegations in the amended complaint. They state that the "record shows he filed only one administrative remedy – and it pertained to compassionate release – which is wholly unrelated to the medical care claims asserted herein." ECF 19, at 6–7. Adams has not offered any evidence to the contrary.

## II.     Standard of Review

Defendants move to dismiss the complaint for failure to state a claim or alternatively for summary judgment. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Adams received sufficient notice that the motion may be treated as a summary judgment motion. The Court sent notice advising plaintiff that defendants' motion could be construed as

one for summary judgment and could result in the entry of judgment against him. ECF 20. Moreover, defendants' motion, identifying summary judgment as possible relief, provided sufficient notice for plaintiff to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Thus, the Court is satisfied that plaintiff has been advised that defendants' motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary

judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

### III. Analysis

Defendants raise the affirmative defense that Adams has failed to exhaust his administrative remedies. The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005). Consequently, if Adams has not properly presented any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA. *See Ross*, 136 S. Ct. at 1857.

To exhaust his administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). This requirement is one of "proper exhaustion of administrative remedies, which 'means

using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). The Court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725.

The Bureau of Prisons ("BOP") has established a four-step administrative remedy process for inmates to raise "issue[s] relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a), 542.13(a), 542.14(a), 542.15(a). First, inmates must complain informally using the measures their prison established. 28 C.F.R. § 542.13(a). Second, within 20 days after the action or inaction giving rise to the inmate's complaint, the inmate must conclude the informal efforts and submit a "formal written Administrative Remedy Request, on the appropriate form." 28 C.F.R. § 542.14(a). Third, if the inmate "is not satisfied with the Warden's response" to the formal complaint, then within 20 days of when the warden signed the response, the inmate "may submit an Appeal on the appropriate form . . . to the appropriate Regional Director." 28 C.F.R. § 542.15(a). Fourth, if the inmate "is not satisfied with the Regional Director's response," then within 30 days of when the regional director signed the response, the inmate may "submit an Appeal on the appropriate form" to the BOP General Counsel. *Id.* Completion of all four steps will exhaust an inmate's administrative remedies.

The undisputed evidence before the Court shows that Adams failed to exhaust his administrative remedies. Adams alleges in his unverified amended complaint that he requested medical attention, made informal complaints, and filed administrative remedy requests on numerous occasions. Yet evidence submitted by defendants—and unrefuted by plaintiff—shows that Adams only elevated his concern to a formal administrative remedy request, step two of the

administrative remedy process, on one occasion.  Moreover, while this formal request referenced Adams' health concerns, it is focused on obtaining compassionate release and did not allege any failures by the defendants to provide him adequate medical care.  Thus, even if he had completed the administrative process for his compassionate release request, he would not have exhausted his administrative remedies for any of the claims in his amended complaint.  Accordingly, Adams failed to exhaust the available administrative remedies for the claims in his amended complaint, and his case cannot proceed before this Court.

### IV.     Conclusion

Defendants' motion, treated as a motion for summary judgment, is granted because Adams failed to exhaust administrative remedies pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).[2]   A separate order follows.

July 14, 2022
Date

Deborah L. Boardman
United States District Judge

---

[2] The court need not address defendants' additional defenses and arguments insofar as summary judgment is granted for failure to exhaust.